UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE C MALCOLM,

                            Plaintiff,

        v.

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER (ASAR),
TIMOTHY CLIBY, President and Individually, JOHN
ROWE, Vice President and Individually, ROCHESTER
CITY SCHOOL DISTRICT and BARBARA
DEANE-WILLIAMS, Superintendent of Schools,
Individually,

                            Defendants.
_____

<u>**DECISION AND ORDER**</u>
(Malcolm I)

17-CV-6878L

## **<u>INTRODUCTION</u>**

Bernice C. Malcolm ("plaintiff") once again has commenced suit against her employer the Rochester City School District ("RCSD") alleging violations of federal and state laws. Malcolm is a known litigant in this Court. She is well-known because she is a demonstrable, abusive litigant. This case and two similar cases in this district (*Malcolm II* (17-CV-6873); *Malcolm III* (18-CV-6450)) against essentially the same defendants, raise the same or similar claims and all will be dismissed in three separate decisions; filed this date. For several reasons, all of these cases lack merit both procedurally and substantively.

Plaintiff has been sanctioned previously by this Court for filing repetitive and frivolous lawsuits. *See Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117, 120-21 (W.D.N.Y. 2010). Because of her demonstrated history of filing frivolous and

harassing litigation, plaintiff was enjoined from filing any other action against the Honeoye Falls-Lima School District and its employees without obtaining prior leave of court. *Malcolm v. Bd. of Educ. Of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117, 120-21 (W.D.N.Y. 2010). In fact, plaintiff sought such relief which was denied by this Court on two occasions. *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, 278 F. Supp. 3d 677, 678 (W.D.N.Y. 2017); *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, No. 11-CV-6509, 2011 WL 13128613, at *1-2 (W.D.N.Y. Oct. 27, 2011), *aff'd* 517 F. App'x 11 (2d Cir. 2013).

As will be discussed below, and in the two other decisions decided today, plaintiff has proceeded against her present employer and a related union just as she had against the Honeoye Falls-Lima School District.[1]

One of the claims in this present lawsuit is that plaintiff was laid off based on improper considerations of age and race. There were approximately 22 employees (CASE employees) who suffered the same fate. As will be discussed, many of those employees were also over the age of 40, hence covered by the Age Discrimination and Employment Act. A few were also African-American, as is plaintiff, but the majority were Caucasian. No discriminatory animus is evident.

---

[1] *See e.g., Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 09-CV-6421, 2010 WL 3724662 (W.D.N.Y. Sept. 14, 2010) (complaint dismissed with prejudice), *aff'd*, 506 F. App'x 65 (2d Cir. 2012); *Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, 08-CV-6551, 2015 WL 1507830 (W.D.N.Y. Mar. 31, 2015) (complaint dismissed), *aff'd*, 684 F. App'x 87 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 365 (2017); *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 08-CV-6300, 669 F. Supp. 2d 330 (W.D.N.Y. 2009) (complaint dismissed with prejudice), *aff'd in part, vacated in part* 339 F. App'x 680 (2d Cir. 2010), *cert. denied* 565 U.S. 879 (2011), *and reh'g denied* 565 U.S. 1101 (2011), *dismissed on remand*, 777 F. Supp. 2d 484 (W.D.N.Y. 2011), *aff'd,* 483 F. App'x 660 (2d Cir. 2012), *cert. denied,* 568 U.S. 1144 (2013); *Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117 (W.D.N.Y. 2010) (complaint dismissed with prejudice), *denying reconsideration*, 08-CV-6577, 2010 WL 4238857 (W.D.N.Y. Oct. 27, 2010); *In re Malcolm*, 2012-3474, 132 A.D.3d 1023 (N.Y. App. Div. 2015), *cert. denied*, 137 S. Ct. 120 (2016); *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, 2011-1658 (N.Y. Sup. Ct. Monroe County 2011); *Malcolm v. Honeoye Falls–Lima Cent. Sch. Dist.*, 2008-16610 (N.Y. Sup. Ct. Monroe County 2008); *see also Malcolm v. Vicksburg Warren Sch. Dist.*, 14-CV-853, 2016 WL 96313089 (S.D.M.I. Aug. 08, 2016) (complaint dismissed with prejudice), *reconsideration denied* 2016 WL 6916791 (S.D.M.I. Nov. 22, 2016), *aff'd*, 709 F. App'x 243 (5th Cir. 2017).

2

Furthermore, it is worth noting, as will be pointed out below, that plaintiff and the other laid off employees eventually were later contacted and reemployed. In fact, although plaintiff persists in this litigation, she also has been reemployed and remains with the Rochester City School District to date.

Plaintiff is proceeding *pro se* and as such she is entitled to some accommodation because of that status. This plaintiff though has abused that position repeatedly.

The fact that plaintiff has filed three separate lawsuits against the Rochester City School District and the related union is of note. Two of the lawsuits are virtually carbon copies of the other. Some paragraphs of the complaint appear to simply be copies of a prior pleading and placed in the second lawsuit. *Malcolm v. Rochester City Sch. Dist.*, No. 17-CV-6873 (W.D.N.Y. 2017); *see also Malcolm v. Rochester City Sch. Dist.*, No. 18-CV-6450 (W.D.N.Y. 2018).

As further evidence of plaintiff's harassing tactics, she has filed not one, but five separate claims before the New York State Division of Human Rights. There is no need for that. Several of these matters before the State Division appear to remain unresolved which, as will be discussed, necessitates dismissal of some of the claims.

Plaintiff has created a cottage industry of litigation concerning employers and school districts that have employed her. Plaintiff was sanctioned in the Honeoye Falls-Lima cases because there she had filed a total of four lawsuits in federal court and at least one in state court against the same district. *Malcolm v. Bd. Of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117, 120-21 (W.D.N.Y. 2010) *aff'd* 506 F. App'x 65, 70 (2d Cir. 2012). All those actions were dismissed and to the extent plaintiff appealed, they were all affirmed.[2]

---

[2] *See supra* note 1.

Counsel for defendants and this Court are forced to spend a not inconsiderable amount of time dealing with a flurry of cases before agencies and the Court involving baseless arguments, many of which are not responded to or pursued once defendants raise legal challenges on either a motion to dismiss or summary judgment. Such activity must stop.

**PLAINTIFF'S THREE ACTIONS AGAINST THE RCSD AND ITS EMPLOYEES**

This action filed on December 20, 2017 is against the RCSD, its then-Superintendent of Schools and a union (ASAR) representing plaintiff and others (*Malcolm I*).

A second action, 17-CV-6872 (*Malcolm II*) was filed on December 19, 2017, virtually the same day as Malcolm I. This is essentially a copycat pleading to *Malcolm I*, and is also against the RCSD, but different employees than were enumerated in *Malcolm I*. Finally, on June 18, 2018, plaintiff filed a third action (18-CV-6450 (*Malcolm III*)) against the RCSD and its then-Superintendent.

All these cases must be dismissed and will be discussed separately in the other decisions filed today.

**BACKGROUND: MALCOLM I**

Plaintiff, proceeding *pro se*, brings this action against defendants Association of Supervisors and Administrators of Rochester ("ASAR"), its President, Timothy Cliby ("Cliby"), and Vice President, John Rowe ("Rowe"), as well as the RCSD and its superintendent, Barbara Deane-Williams ("Deane-Williams"). Plaintiff alleges defendants discriminated against her with respect to her employment in violation of the Labor Management Relations Act § 301 ("LMRA"), 29 U.S.C. § 185; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. § 1988; New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.; 42 U.S.C. § 1983; and the New

York Constitution's Equal Protection clause, N.Y. Const. Art. I, § 11. Plaintiff also asserts multiple state law claims against defendants, including breach of contract, breach of the collective bargaining agreement, and breach of the implied covenant of good faith and fair dealing, alleging defendants breached the collective bargaining agreement they operated under.

Plaintiff is a 61-year-old African-American woman who was first employed with the RCSD in April of 2015, after her tumultuous litigation against the Honeoye Falls-Lima School District. Plaintiff was hired as a Central Office Coordinating Administrator of Special Education ("CASE") and was represented by the ASAR in their capacity as a labor union. Not long after she was hired, Plaintiff began to have difficulties with one of her supervisors and made complaints to her supervisors at the RCSD and to ASAR.

In March 2017, the RCSD, faced with budgetary concerns, conducted an audit that led them to restructure the special education administrators. This included laying off twenty-two CASE positions. Plaintiff was one of the affected employees. Those employees were then placed on a preferred eligibility list for seven years, meaning they could be recalled and resume employment if a position was open.

Plaintiff was recalled from the preferred eligibility list and rehired by the RCSD on November 20, 2017 in her same position and is currently employed by the RCSD today. She was re-employed about a month before plaintiff filed this action.

When plaintiff was laid off in March 2017, she disagreed with the cuts and went to ASAR with her concerns. As stated in plaintiff's complaint, while ASAR disagreed with the layoffs, they told Plaintiff they could not do anything about the restructuring because they determined there was nothing illegal about the layoffs. ASAR advised plaintiff that she also had the right to file a

grievance with her direct supervisor at the RCSD as outlined in the collective bargaining agreement without the assistance of ASAR, but she failed to file such a grievance.

Plaintiff then filed five charges within the New York State Department of Human Rights ("NYSDHR"). In the first two charges against the RCSD, the NYSDHR determined there was probable cause, and the case is still pending and is not yet resolved. These two charges were dually filed in the EEOC. The third, fourth and fifth charges against ASAR and RCSD were dismissed with the NYSDHR finding no probable cause, with the EEOC adopting the same findings as the NYSDHR for her federal claims. Upon receipt of her right to sue letter from the EEOC in her third charge, plaintiff then filed the present lawsuit, as well as the other two lawsuits, *Malcolm II* and *Malcolm III*.

In lieu of an answer, the ASAR Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6), and RCSD Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6). Plaintiff, in her complaint and in her reply papers, requested a stay in the proceedings, and in her response to defendant's motion to dismiss, moved to amend her complaint.

For the reasons set forth below, ASAR's motion to dismiss (Dkt. #4) is granted; RCSD's motion to dismiss (Dkt. #9) is granted, and the Complaint is dismissed. Plaintiff's motion to amend the complaint (Dkt. #23) is denied, and plaintiff's request to stay proceedings (Dkt. #1) is denied.

## **DISCUSSION: MALCOLM I**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court's review is limited to the

complaint, and those documents attached to the complaint or incorporated therein by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23, 127 S. Ct. 2499, 168 L. Ed.2d 179 (2007). A court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss. *See Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 126 (2d Cir. 2007). "A plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Where a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [plaintiff's] complaint must be dismissed." *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). For employment discrimination claims, a plaintiff need not establish a prima facie case, but instead must only make a short and plain statement of the claim, giving notice of what the claim is and the grounds for the claim. *See Morales v. Long Island R.R. Co.*, No. 09 CV 8714, 2010 WL 1948606, at *2-3, 2010 U.S. Dist. LEXIS 47926, at *7-8 (S.D.N.Y. May 14, 2010), *citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002).

**I.     Plaintiff's LMRA, Breach of Duty of Fair Representation, Breach of Collective Bargaining Agreement, Breach of Contract, and Breach of Implied Covenant of Good Faith and Fair Dealing claims**

Under New York law, a union member "has no cause of action against his union for breach of contract . . . arising out of the performance of duties under the collective bargaining agreement; his sole remedy is an action for breach of fair representation." *Ifill v. New York State Court Officers Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009), *quoting Herington v. Civil Serv.*

7

*Employees Ass'n, Inc.*, 130 A.D.2d 961, 961–62, 516 N.Y.S.2d 377 (App. Div. 4th Dept. 1987). Common law contractual claims, including breach of contract, breach of a collective bargaining agreement, and breach of the implied covenant of good faith and fair dealing, are absorbed under any LMRA § 301 claim as long as the resolution of the state law claim depends on the meaning of the collective bargaining agreement. *Lingle v. Norge Div. of Magic Chec, Inc.*, 486 U.S. 399, 405-06, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985). Plaintiff's breach of collective bargaining agreement, breach of contract, and breach of implied covenant of good faith and fair dealing therefore are subsumed into any breach of duty of fair representation claim and therefore are dismissed.

Plaintiff also has failed to exhaust her administrative remedies, which is a prerequisite to claiming a breach of duty-of-fair-representation claim under LMRA Section 301. If a collective bargaining agreement contains a grievance or arbitration remedy, a plaintiff cannot file suit unless the grievance or arbitration process has been exhausted. *See DelCostello v. International Brothers of Teamsters*, 462 U.S. 151, 163, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983).

Although plaintiff states in her complaint and memoranda that she has exhausted her administrative remedies (*see* Dkt. #1, ¶¶ 13, 19, hereinafter "Compl."), plaintiff only does so through conclusory statements and vague assertions. She has not set forth any factual allegations detailing how she made a grievance, when a denial of her grievance was made, or which administrative remedies she has exhausted.

Plaintiff's collective bargaining agreement provided an additional grievance mechanism, which was to file a complaint with the New York Public Employment Relations Board ("PERB"). Plaintiff was notified in her NYSDHR dismissal letter that any breach of duty of fair representation

8

claims fall under the jurisdiction of PERB. Compl. Ex. 7. Plaintiff, however, has failed to allege that she filed such a grievance, or that she otherwise exhausted her administrative remedies as outlined in the collective bargaining agreement. *See King v. New York Telephone*, 785 F.2d 31, 33 (2d Cir. 1986).

In addition, and notably, plaintiff's claims also lie outside the four-month state and six-month federal statute of limitations for duty-of-fair-representation claims, as the current action was filed in December 2018 and the alleged breach occurred on or before March 2017. New York Civil Service Law § 209–a; New York Civil Practice Law & Rules § 217(2)(b); *see DelCostello*, 462 U.S. at 169. Accordingly, plaintiff's first through fourth causes of action are dismissed.

## II. Plaintiff's ADEA, Title VII, and NYSHRL claims against individual defendants Cliby, Rowe and Deane-Williams

The ADEA and Title VII do not provide for personal liability for individuals. *See Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011); *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009). The NYSHRL, on the other hand, provides for personal liability as long as the conduct that gave rise to the claim involved direct participation from the individual defendant. *See Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, 678 F. Supp. 2d 100, 106 (W.D.N.Y. 2010); *see also Bickerstaff v. Vassar Coll.*, 160 F. App'x 61, 63 n. 2 (2d Cir. 2005).

I find that plaintiff's Title VII and ADEA claims against the individual defendants must be dismissed, as both statutes do not provide for liability against individuals. As for plaintiff's NYSHRL claims against Cliby and Rowe, because plaintiff did not allege direct participation in conduct that gave rise to her discrimination claim anywhere in her complaint, she has not properly pleaded any NYSHRL claim against them. Plaintiff's only direct allegation against Rowe is that he stated that it was the District's responsibility to deal with plaintiff's supervisor, and that there

9

was nothing that ASAR could do about the situation. Compl. ¶¶ 62, 89. Plaintiff also makes no factual allegations against Cliby, stating only that he "did little to remedy the situation" without detailing any specific situations where he failed to do so. Compl. ¶ 88. None of the facts as pleaded suggest that any individual defendant furthered, or directly participated in, a discriminatory employment action.

Similarly, nowhere in plaintiff's complaint does she plead how Deane-Williams is personally involved with the alleged discrimination. Deane-Williams is only mentioned a handful of times in the complaint, none of which suggest any direct involvement in the alleged discrimination. Compl. ¶¶ 61, 110, 185, 189-91. Plaintiff does not allege that Deane-Williams played an individual role in the elimination of plaintiff's position, let alone that she did so with discriminatory animus. Plaintiff merely makes conclusory and speculative statements saying she was treated disparately by Deane-Williams, without any explanation how Deane-Williams was personally involved in the alleged disparate treatment. *See, e.g.*, Compl. ¶ 185.

For these reasons, Plaintiff's remaining NYSHRL claims against individual defendants Cliby, Rowe and Deane-Williams are dismissed as well.

### III. Plaintiff's ADEA, Title VII, and NYSHRL claims against defendant ASAR

To state a claim under the ADEA, Title VII and NYSHRL, plaintiff must plausibly allege that (1) the employer took an adverse employment action against plaintiff and (2) the motivating factor for taking the adverse employment action was plaintiff's race, color, religion, sex or national origin. 42 U.S.C. § 1988; 42 U.S.C. § 2000e–2(a)(1); N.Y. Exec. Law § 290 et seq.; *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). In order to state a hostile work environment claim and a disparate treatment claim, plaintiff must plead that (1) the conduct is "objectively severe or pervasive… and creates an environment that a reasonable person would find hostile or abusive;" (2) the conduct "creates an environment that the plaintiff subjectively

perceives as hostile or abusive;" and (3) the environment is created because of the protected characteristic. *Foster v. Humane Soc'y of Rochester and Monroe Cty., Inc.*, 724 F. Supp. 2d 382, 391-92 (W.D.N.Y. 2010). To state a retaliation claim, the complaint must plead facts that go to show "that (1) [plaintiff] engaged in a protected activity; (2) her employer was aware of plaintiff's protected activity; (3) plaintiff suffered an adverse employment action, and (4) a causal connection existed between the protected activity and the adverse action." *Id*. at 394-95.

Plaintiff has failed to sufficiently plead facts that show any plausible discrimination, hostile work environment, retaliation or disparate treatment attributable to ASAR. Viewing the complaint in the light most favorable to the plaintiff, the complaint is entirely devoid of any facts that would indicate that plaintiff's age, race or gender had anything to do with her termination.

While plaintiff argues ASAR used pretext to hide any discrimination or retaliation (Compl. ¶¶ 134, 144, 180), she does not explain as to why or how any of ASAR's actions were pretextual. Plaintiff also alleges that ASAR discriminated against her by refusing to file a grievance on plaintiff's behalf, but she has not alleged that the union treated non-minority employees any differently, that any events occurred that would constitute intentional discrimination, or that any action taken by ASAR in refusing to file the grievance was done with discriminatory animus. Compl. ¶¶14, 83; *see Carrion v. Local 32B-32J Serv. Emps. Int'l Union*, No. 03 Civ. 1896, 2005 WL 659321, at *5, 2005 U.S. Dist. LEXIS 4417, at *21-22 (S.D.N.Y. Mar. 21, 2005); *see also Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, No. 08-CV-6551, 2015 WL 1507830, at *8, 2015 U.S. Dist. LEXIS 43363, at *22-24 (W.D.N.Y. Mar. 31, 2015).

Plaintiff does not say who refused to file her grievance or plead any facts detailing the failure to file the grievance. Even assuming the truth of plaintiff's allegation that ASAR refused to file her grievance, she does not assert any facts that would go to show they refused to do so

11

because of plaintiff's age, race or gender. Plaintiff's vague and conclusory allegations do not cross the threshold of plausibility and therefore plaintiff's Title VII, ADEA and NYSDHR claims against ASAR are dismissed.

IV. **Plaintiff's ADEA, Title VII, and NYSHRL claims against defendant RCSD**

A claimant must exhaust administrative remedies through the EEOC before bringing ADEA and Title VII claims to federal court. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). Additionally, plaintiff may not file suit in a federal court if any administrative proceedings are still ongoing. *See Malachi v. Postgraduate Ctr. for Mental Health*, No. 10-CV-3527, 2013 WL 782614, at *2, 2013 U.S. Dist. LEXIS 30221, at *4-5 (E.D.N.Y. Mar. 1, 2013). If plaintiff has elected to pursue her remedies in the NYSDHR, she also cannot seek the same remedies in federal court. *See id.* There are still proceedings pending in the NYSDHR and EEOC regarding plaintiff's claims against the RCSD. Plaintiff admitted in her complaint that jurisdiction still belongs to NYSDHR and she has not yet been issued a right to sue letter by the EEOC for these claims. Compl. ¶¶ 16, 75-76. Due to plaintiff's failure to exhaust her administrative remedies against the RCSD and her ongoing administrative proceedings, plaintiff's ADEA, Title VII, and NYSHRL claims against RCSD are dismissed.

V. **Plaintiff's Equal Protection Claims under 42 U.S.C. § 1983 and the N.Y. Constitution**

Plaintiff also alleges that she was deprived of her constitutional rights while defendants were acting "under color of law," in violation of 42 U.S.C. § 1983 and the New York State Constitution, NYS Cons. Art I, Sec. 11. Compl. p. 25-27. Liability under § 1983 extends only to state actors. *See Williams v. N.Y.C. Hous. Auth.*, 335 F. App'x 108, 110 (2d Cir. 2009). To establish liability under § 1983, a defendant must be (1) acting under color of state law and (2) defendant's actions resulted in a deprivation of constitutional rights. *Washington v. County of*

12

*Rockland*, 373 F.3d 310, 315 (2d Cir. 2004). Merely stating that a party is acting "in color of law" is not enough to show the nexus required to state a claim under § 1983 or the New York Constitution.

For an individual defendant to be liable, an official must be personally involved by, (1) directly participating in the constitutional violation, (2) failing to remedy the constitutional violation after being informed of the violation, (3) creating a policy that allowed for unconstitutional violations or allowing for unconstitutional violations under the policy, (4) supervising employees who committed wrongful acts with gross negligence, or (5) exhibiting deliberate indifference towards the rights of others. 42 U.S.C. § 1983; *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001). The same framework applies to a New York state constitutional violation. *Town of Southold v. Town of East Hampton*, 477 F.3d 38, 53 n. 3 (2d Cir. 2007); *Weber v. City of New York*, 973 F. Supp. 2d 227, 274 (E.D.N.Y. 2013). An equal protection claim is then analyzed under the same framework as a Title VII employment discrimination claim. *Id.*, *see Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004).

ASAR, Cliby and Rowe are not state actors and therefore cannot be held liable under § 1983 or the NYS Constitution, as Cliby and Rowe are private citizens and ASAR is an unincorporated association. *See Williams*, 335 F. App'x at 110; *Malcolm*, 678 F. Supp. 2d at 107. Plaintiff's eleventh and twelfth claims against ASAR, Cliby and Rowe are therefore dismissed.

Deane-Williams was plausibly acting in color of state law in her supervisory role as superintendent of the entire district. However, establishing a defendant's personal involvement in the alleged constitutional deprivations is a prerequisite to damages under § 1983. *Brown v. City of Syracuse*, 197 F. App'x 22, 25 (2d Cir. 2006). As discussed above, plaintiff has not pled facts sufficient to state a claim that Deane-Williams personally violated any of plaintiff's

constitutional rights, just as she had not done enough to plead that Deane-Williams had individually discriminated against plaintiff under NYSHRL. Because plaintiff has failed to allege that Deane-Williams' actions deprived plaintiff of any constitutional right, plaintiff's eleventh and twelfth claims against Deane-Williams are dismissed.

As a public school district, RCSD was acting under color of state law. However, plaintiff does not detail how the RCSD's actions deprived plaintiff of any constitutional rights. Plaintiff claims that the RCSD subjected her to disparate treatment but does not provide any factual basis to such claims. To the contrary, plaintiff's attached copies of correspondence to her complaint with the RCSD's Department of Human Capital Initiatives show the opposite. The correspondence attests that RCSD investigated plaintiff's complaints of discrimination and found that the parties plaintiff had accused of discrimination were members of the same protected classes as plaintiff, including the same race, gender and age, something plaintiff does not dispute. *See* Compl. ¶ 73. The same issues that plague the rest of plaintiff's complaint persist here, as plaintiff only makes vague and speculative accusations without any factual support. For these reasons, I find that plaintiff has failed to state an equal protection claim against the RCSD and her twelfth cause of action is therefore dismissed.

## VI. Plaintiff's Request to Stay Proceedings

Plaintiff requested, as part of her complaint, to stay the current proceedings until her unexhausted claims are resolved with the NYSDHR and EEOC. Compl. ¶¶ 20-21. When considering a request for a stay of proceedings, the court should consider whether: (1) plaintiff is likely to prevail on the merits; (2) the plaintiff will suffer irreparable harm if no stay is granted; (3) other parties will suffer substantial harm if no stay is granted; and (4) public interest supports a stay. *Rochester-Genesee Reg'l Transp. Auth. v. Hynes-Cherin*, 506 F. Supp. 2d 207, 213 (W.D.N.Y. 2007).

Plaintiff argues that a stay is warranted because of the ongoing NYSDHR proceedings and that a stay is "legally and economically necessary to avoid injustice". Dkt. #23, p. 19. Plaintiff admits that the NYSDHR has jurisdiction over the claims, but instead is seeking additional relief here in federal court before completing the hearing process in the NYSDHR. As defendants suggest in their motion to dismiss, public interest instead calls for a denial of plaintiff's request to stay, as plaintiff should be required to exhaust her administrative remedies just like every other litigant who files a claim with the NYSDHR and the EEOC. Dkt. # 9-9, p. 11.

Because I conclude that the causes of action should be dismissed for failure to exhaust administrative remedies, plaintiff's request to stay proceedings is denied.

## VII. Plaintiff's Motion to Amend the Complaint

Plaintiff also has moved to amend the complaint. Compl. ¶ 79. Leave to amend, while it should be freely granted, may be denied where amendment would be futile. *Malcolm*, 678 F. Supp. 2d at 109. The Federal Rules of Civil Procedure detail the baseline for what is necessary in order to request leave to amend, including a notice of motion and a statement listing "with particularity the grounds for seeking the order" which may include a proposed amended complaint. Fed. R. Civ. P. 15(a), 6(c)(1), 7(b)(1)(B). Failing to attach a proposed amended complaint may warrant dismissal. L. R. Civ. P. 15; *Murray v. New York*, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009).

Plaintiff has not submitted a proposed amendment to her complaint that would warrant leave to amend. While plaintiff has asserted additional factual contentions in her later declarations and memoranda (*see* Dkt. #22, #23), none are presented in the form of a proposed amended complaint, and none indicate that plaintiff has exhausted her administrative remedies or that suggest any additional claims of discrimination. Because I conclude that the complaint must

be dismissed, and plaintiff has not suggested any proposed amendments that address any of defendants' arguments, amendment of the complaint would be futile. Plaintiff's motion for leave to amend is denied.

## VIII. Sanctions

The Court also finds it necessary to impose sanctions on the defendant. "A district court, may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir.1996) (citation and quotation marks omitted); *see also In re Martin–Trigona*, 737 F.2d 1254, 1261 (2d Cir.1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). A demonstrated history of, for example, frivolous and vexatious litigation, is required in order for a court to prevent a litigant from filing pleadings, motions or appeals. *See Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987). Pre-filing injunctions are a permissible exercise of the court's discretion to deter vexatious and abusive litigation. *See Malcolm*, 737 F. Supp. 2d at 120; *In re Hartford Textile Corp.*, 681 F.2d 895, 8978 (2d Cir. 1982); *see also MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999). Once a pattern of such litigation emerges, the court has latitude to impose sanctions without waiting for additional vexatious litigation to occur. *In re Martin-Trigona*, 737 F.2d at 1262.

Plaintiff has, once again, engaged in a pattern of frivolous and baseless litigation against yet another employer. Despite multiple warnings in her countless lawsuits against former employers, plaintiff continues to file multiple lawsuits without regard to arguments raised by defendants. As discussed above, plaintiff has repeatedly abused the Court's resources, the time of counsel for defendants, as well as the time and resources of multiple administrative agencies.

Plaintiff is therefore permanently enjoined from commencing any further *pro se* actions in federal court against the RCSD, any RCSD employees which arises out of her employment with the RCSD, the ASAR, or any ASAR representatives or members which arises out of her employment with the RCSD without prior leave of court. Leave of court shall be obtained by filing with the complaint a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File." Malcolm must attach to that motion, as Exhibit 1, a true and correct copy of this Decision and Order. As Exhibit 2 to that motion, Malcolm must attach either a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claims she wishes to present are meritorious and made in good faith. As Exhibit 3 to that motion, Malcolm must include a list of every suit previously filed by her or on her behalf in any federal court against each and every defendant to the suit she wishes to file, including the title and index number of each such case. As Exhibit 4 et seq. to that motion, Malcolm must provide a copy of each such complaint and a certified record of the matter's disposition. Finally, Malcolm must serve a copy of this Decision and Order upon each defendant if and when leave to serve the complaint in the new case is granted. *Failure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave to file made by Malcolm. Further, Malcolm's failure to advise a federal court in which she has filed a complaint of this Decision and Order and/or her failure to otherwise comply with this Decision and Order may be considered by such court as good and sufficient cause to dismiss such a lawsuit, and further may be considered sufficient grounds upon which to levy additional sanctions, including but not limited to fines, imprisonment, and/or an award to defendants in the amount of their reasonable costs and attorneys fees in defending the action.*

However, nothing in this order shall be construed as having any effect on Malcolm's ability to initiate or continue actions in state court and/or appeals before the United States Courts of

Appeals, or her power to prosecute or defend any other action that is presently pending, brought by her in any federal court prior to the date of entry of this Decision and Order, including but not limited to the related matter of *Malcolm v. Rochester City Sch. Dist.,* 17–CV–6873 (W.D.N.Y.2017) or *Malcolm v. Rochester City Sch. Dist.*, 18-CV-6450 (W.D.N.Y. 2018).

## CONCLUSION: MALCOLM I

For the foregoing reasons, I find that Plaintiff has failed to exhaust her administrative remedies and failed to state a claim against any defendant with respect to her LMRA, Title VII, ADEA and NYSDHR claims. Accordingly, defendants' motions to dismiss the complaint (Dkt. #4, #9) are granted, and the complaint is dismissed, with prejudice.

Plaintiff, Bernice Malcolm, is enjoined from the filing and prosecution of additional lawsuits arising out of her employment with the RCSD, in the manner and to the extent described herein.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 11, 2019.