19-2412
Malcolm v. Association of Supervisors and Administrators of Rochester

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

Bernice Malcolm,

> *Plaintiff-Appellant*,
>
> v.                                                                                    19-2412

Association of Supervisors and Administrators of Rochester, ASAR, Timothy Cliby, President and Individually, John Rowe, Vice President and Individually, Rochester City School District, Barbara Deane-Williams, Superintendent of Schools, Individually,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:        Bernice Malcolm, *pro se*, West Henrietta, NY.

FOR DEFENDANTS-APPELLEES Association of        Jennifer L. Carlson, Arthur P.
Supervisors and Administrators of Rochester, ASAR,        Scheuermann, School

CERTIFIED COPY ISSUED ON 10/14/2020

| | |
|---|---|
| Timothy Cliby, President and Individually, John Rowe, Vice President and Individually: | Administrators Association of New York State, Latham, NY. |
| FOR DEFENDANTS-APPELLEES Rochester City School District, Barbara Deane-Williams, Superintendent of Schools, Individually: | Alison Moyer, Associate General Counsel, Rochester City School District, Rochester, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

Appellant Bernice Malcolm, proceeding *pro se*, appeals the district court's judgment dismissing her discrimination and labor claims against her union, the Association of Supervisors and Administrators of Rochester ("ASAR"), her employer, the Rochester City School District ("RCSD"), and certain RCSD and ASAR officials. The defendants moved to dismiss the complaint, arguing, *inter alia*, that Ms. Malcolm failed to state a claim, that her claims were unexhausted or barred by the election of remedies doctrine, and that the suit was duplicative of two other discrimination suits filed by Ms. Malcolm. In her opposition brief, Ms. Malcolm sought leave to amend her complaint and raised new factual allegations in support of her claims. The district court dismissed the complaint with prejudice, holding that Ms. Malcolm's claims were meritless for several reasons, and denied leave to amend on the ground that she had not filed a proper motion seeking that relief nor submitted proposed amendments to the complaint, and that amendment would be futile. The court also *sua sponte* imposed a leave-to-file sanction on Ms. Malcolm, permanently enjoining her "from commencing any further *pro se* actions in federal court

2

against the RCSD, any RCSD employees which [action] arises out of her employment with the RCSD, the ASAR, or any ASAR representatives or members which [action] arises out of her employment with the RCSD without prior leave of court." We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Dismissal of Complaint

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] We afford a *pro se* litigant "special solicitude" and interpret her complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

Applying these standards, we agree with the district court that all of Ms. Malcolm's claims should be dismissed. As to Count One, there is no federal subject matter jurisdiction over a fair-representation claim under the Labor Management Relations Act against a public school district or the union representing its employees. *See Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam); *Smith v. United Fed'n of Teachers*, 162 F.3d 1148, at *1 (2d Cir. 1998) (summary order). Ms. Malcolm alleges that she is an employee of the RCSD, a public school district, which is a political subdivision of the state of New York and therefore not an "employer" within the meaning of the Labor Management Relations Act. *See* 29 U.S.C. § 152(2). Even if this claim were construed as a state-law claim for breach of the duty of fair

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

3

representation, *see* N.Y. Civ. Serv. Law § 209-a(2) & (3), and assuming we had jurisdiction, such a claim would still fall outside the four-month statute of limitations imposed by state law. *See* N.Y. C.P.L.R. § 217(2). Ms. Malcolm's termination, the latest event on which her claim is predicated, occurred in March 2017, but the instant suit was filed approximately nine months later in December 2017. Moreover, Ms. Malcolm's claims for breach of the collective bargaining agreement, breach of contract, and breach of the implied covenant of good faith and fair dealing (Counts Two through Four) are all subsumed under state law into a breach of fair representation claim and are therefore untimely for the same reason.[2] *See Ifill v. N.Y. State Court Officers Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009) ("Under New York law, a union member has no cause of action against his union for breach of a collective bargaining agreement between his employer and his union.").

The district court also correctly dismissed Ms. Malcolm's Title VII and ADEA claims (Counts Five through Eight and Count Ten). First, these claims cannot be brought against individual defendants Cliby, Rowe, and Deane-Williams because only employers are liable under Title VII or the ADEA. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (summary order). Second, although Ms. Malcolm may raise such claims against ASAR and the RCSD, her complaint lacks sufficient factual detail to support her allegations. In general, we "must accept as true all of the allegations contained in a complaint" when evaluating its sufficiency against a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, we need not "accept as true a legal conclusion couched

---

[2] As to Counts Three and Four in particular, we note that Ms. Malcolm does not allege the breach of any contract other than the collective bargaining agreement.

4

as a factual allegation." *Id.* Here, Ms. Malcolm's complaint contains only "threadbare recitals" of the elements of a cause of action for discrimination, "supported by mere conclusory statements." *Id.* The complaint fails to include any factual detail that would support even a minimal plausible inference that Ms. Malcolm was discriminated against because of her age, race, gender, or any other protected category. For this reason, the district court properly granted the defendants' motions to dismiss these counts. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85–87 (2d Cir. 2015) (holding that a plaintiff must allege facts that give rise to a minimal inference of discrimination).

Next, the district court properly dismissed Ms. Malcolm's claims under the New York State Human Rights Law ("NYSHRL") (Counts Nine and Ten), because she elected to pursue those claims before the New York State Division of Human Rights ("NYSDHR"). Under the election of remedies doctrine, a plaintiff may not bring NYSHRL claims in federal court if those claims have already been adjudicated before the NYSDHR. *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002). Thus, to the extent Ms. Malcolm raised the same NYSHRL claims before the NYSDHR, those claims are barred.

Finally, we also agree with the district court's decision to dismiss Ms. Malcolm's equal protection claims (Counts Eleven and Twelve). The Equal Protection Clause of the United States Constitution "regulates only the Government, not private parties," *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014), and "the Equal Protection Clauses of the federal and New York Constitutions are coextensive." *Town of Southold v. Town of East Hampton*, 477 F.3d 38, 52 n.3 (2d Cir. 2007). Ms. Malcolm does not plausibly allege that ASAR or its officials are "state actors" under 42 U.S.C. § 1983 or the New York Constitution, *see*

*Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, 678 F. Supp. 2d 100, 107 (W.D.N.Y. 2010), nor does she allege any theory of "entwinement" that might render them liable, *see Grogan*, 768 F.3d at 268–69. And with respect to RCSD and its officials, who are state actors, Ms. Malcolm's complaint, for the same reasons as above, includes no factual detail that raises a plausible inference of discrimination. *See Vega*, 801 F.3d at 87–88.

## II.     Leave to Amend

Although we agree with the district court's decision to dismiss all of Ms. Malcolm's claims, we respectfully disagree with its decision to dismiss all of these claims with prejudice. We generally review a district court's denial of leave to amend for abuse of discretion, *see Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), but a *pro se* litigant should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

For the reasons above, Ms. Malcolm's labor claims against all defendants, her NYSHRL claims against all defendants, and her ADEA and Title VII claims against Cliby, Rowe, and Deane-Williams fail as a matter of law, and so the district court properly dismissed these claims with prejudice. However, the defects in the Title VII and ADEA claims against ASAR and RCSD, as well as her equal protection claims against all defendants, could conceivably be cured in a new complaint that includes more detailed factual allegations of discrimination (and of state action, with regard to the equal protection claims against ASAR, Cliby, and Rowe).[3] We therefore vacate

---

[3] Any duplication of claims between this action and the *Malcolm II* or *Malcolm III* actions may be grounds to dismiss or stay two of the three lawsuits, but of course would not be grounds to dismiss all three. We leave to the district court on remand the task of consolidating the claims

6

as much of the district court's order as dismissed these claims with prejudice. We remand with instructions for the district court to reconsider whether to grant Ms. Malcolm leave to amend these claims, and we retain jurisdiction over any subsequent appeal of a denial of leave to amend.[4]  *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

### III.     Leave-to-File Sanction

Finally, we respectfully disagree with the district court's *sua sponte* decision to impose a leave-to-file sanction on Ms. Malcolm. We review the imposition of such a sanction for abuse of discretion. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). A district court may impose a leave-to-file sanction against "litigants who abuse the judicial process," such as by filing "repetitive and frivolous suits." *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Before doing so, however, a court must give notice and opportunity to be heard. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam). We share the district court's concern with Ms. Malcolm's history of duplicative and harassing litigation, a history which has already forced one other district court to impose a similar sanction. We note, however, that this action (along with *Malcolm II* and *Malcolm III*) are the first lawsuits against the current set of defendants. At the very least, Ms. Malcolm was entitled to an opportunity to be heard before a sanction was imposed. *See Moates*, 147 F.3d at 209. We therefore vacate the leave-to-file sanction pending such a hearing by

---

that survive here with any that survive the pending appeals in *Malcolm II* and *Malcolm III*. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

[4] Because Ms. Malcolm may bring her Title VII and ADEA claims in federal court only if she has exhausted her remedies with the EEOC, the district court on remand should take stock of any right-to-sue letters that have been issued by the EEOC during the pendency of this proceeding. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001).

7

the district court.

We have considered all of the parties' remaining arguments and find in them no reason to disturb the conclusions above. Accordingly, we **AFFIRM** the judgment in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order. The panel retains jurisdiction as noted above.

                                              FOR THE COURT:
                                              Catherine O'Hagan Wolfe, Clerk of Court

8

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit