UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE MALCOLM,

                                  Plaintiff,

                           <u>DECISION AND ORDER</u>

                           17-CV-6878L

           v.

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER (ASAR),
TIMOTHY CLIBY, President and Individually,
JOHN ROWE, Vice President and Individually,
ROCHESTER CITY SCHOOL DISTRICT, and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually,

                                 Defendants.
_____

BERNICE CURRY-MALCOLM,

                                  Plaintiff,

                           18-CV-6450L

           v.

ROCHESTER CITY SCHOOL DISTRICT and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually and Collectively,

                                 Defendants.
_____

       Plaintiff Bernice Curry-Malcolm ("plaintiff" or "Malcolm") was employed by the Rochester City School District (the "District"), beginning in 2015 and continuing through the end of the 2016-17 school year. She has previously brought several lawsuits against various District entities and employees arising out of that employment, alleging discrimination in violation of state

and federal anti-discrimination statutes, as well as miscellaneous claims sounding in contract. All of these matters were initially dismissed by this Court, and the Court presumes the reader's familiarity therewith. *See Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester (ASAR)* ("*Malcolm I*"), 17-CV-6878 at Dkt. #28; *Malcolm v. Rochester City Sch. Dist. et al.* ("*Malcolm II*"), 17-CV-6873 at Dkt. #14; *Curry-Malcolm v. Rochester City Sch. Dist. et al.*, ("*Malcolm III*"), 389 F.Supp.3d 189 (W.D.N.Y. 2019); *In re Curry-Malcolm* ("*Malcolm IV*"), 2020 U.S. Dist. LEXIS 131548 (W.D.N.Y. 2020).

Plaintiff appealed the Court's decisions in *Malcolm I*, *II*, *III*, and *IV*. On October 14, 2020 and November 12, 2020, the Second Circuit Court of Appeals affirmed this Court's dismissals of *Malcolm I*, *II* and *III*, but reversed the Court's imposition of sanctions in *Malcolm I* in order to permit plaintiff to be heard, and remanded *Malcolm I* and *III* solely for consideration of whether plaintiff should be granted leave to amend certain of her dismissed claims. The plaintiff's appeal in *Malcolm IV* remains pending.

The Court hereby consolidates *Malcolm I* and *Malcolm III* for purposes of determining the issues on remand and permitting the filing of a new Amended Complaint.

## FACTUAL BACKGROUND

Beginning in 2015, plaintiff was employed by the District as a full-time probationary Case Administrator for Special Education. Plaintiff claims that she was thereafter subjected, inter alia, to a discriminatory hostile work environment, harassment, disparate treatment and/or retaliation by the *Malcolm I, II* and *Malcolm III* defendants, culminating in the retaliatory termination of her employment on or about July 1, 2017. Malcolm's four prior lawsuits against the District and related parties attempted to raise a host of claims, including: (1) claims under Title VII of Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII"), the Age Discrimination in Employment Act, 29

U.S.C. §621 et seq. ("ADEA") and New York Human Rights Law ("NYHRL"), including discriminatory disparate treatment, hostile work environment, and retaliatory discharge; (2) violations of the New York State Education Law; (3) denial of Equal Protection in violation of the United States Constitution and New York State Constitution, pursuant to 42 U.S.C. §1983 ("Section 1983"); (4) violation of the Labor Management Relations Act; (5) breach of the implied covenant of good faith and fair dealing; and (6) miscellaneous contractual claims.

## DISCUSSION

### I. Leave-To-File Sanction

Given its familiarity with plaintiff's prior engagement in a series of frivolous and duplicative lawsuits against a different school district, and recognizing that it now confronted three duplicative lawsuits arising out of plaintiff's employment with the Rochester City School District, this Court previously sanctioned Malcolm against initiating further lawsuits against the District and related defendants, without leave of court. *See* 17-CV-6878 at Dkt. #28 ("*Malcolm I*").[1]

On October 14, 2020, the Second Circuit reversed the imposition of leave-to-file sanctions in *Malcolm I*, reasoning that although Malcolm had a concerning "history of duplicative and harassing litigation," *Malcolm I* had been the first of the instant lawsuits against this particular group of defendants, and as such, Malcolm "was entitled to an opportunity to be heard before a sanction was imposed." *Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester*, 2020 U.S. App. LEXIS 32404 at *8 (citing *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998)).[2] *See also Viola v. United States*, 481 Fed. Appx. 30, 31 (2d Cir. 2012)(unpublished opinion).

---

[1] *Malcolm I* was the not the first occasion in which this Court determined that the imposition of sanctions against plaintiff was appropriate. On September 14, 2010, the Court issued identical sanctions related to plaintiff's flurry of duplicative federal and state litigation against a different former employer, the Honeoye Falls-Lima Central School District. *See Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Central Sch. Dist.*, 737 F. Supp. 2d 117 (W.D.N.Y. 2010), *aff'd*, 506 Fed. Appx. 65 (2d Cir. 2012).

[2] In point of fact, the complaint in *Malcolm I* was filed on December 20, 2017, one day after the complaint in

3

The Court notes that Malcolm is and has been explicitly notified that the pursuit of frivolous and repetitive litigation can and will result in leave-to-file sanctions. The Court, then, turns to consideration of the most effective manner in which plaintiff can respond. The Court observes that Malcolm's prior in-person and telephonic interactions with the Court and its staff members have been marked by abusive and disrespectful conduct and verbiage by plaintiff, and concludes that an in-person hearing is therefore unlikely to be productive or helpful to plaintiff or to the Court. The Court accordingly directs plaintiff to file a sworn affidavit stating why she believes the imposition of leave-to-file sanctions is not appropriate at this juncture, after no less than four lawsuits have been filed against the instant defendants, three of which involved the same conduct.

In so doing, the Court reminds plaintiff of the factors the Court must consider in determining whether such sanctions are appropriate, which plaintiff may wish to speak to in her affidavit. These include: (1) the plaintiff's history of litigation; in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the plaintiff's motive in pursuing the litigation, e.g., does the plaintiff have an objective good faith expectation of prevailing?; (3) whether the plaintiff is represented by counsel; (4) whether the plaintiff has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *See Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986).

After the Court has reviewed plaintiff's submissions, the Court will determine whether the re-imposition of leave-to-file sanctions is appropriate. Ultimately, the question the Court must

---

*Malcolm II*. The Court notes that at the time it issued its July 11, 2019 Decision and Order assessing sanctions (*Malcolm I*, 17-CV-6878 at Dkt. #28), Malcolm's count of duplicative actions against the District and related defendants had grown to three. This Court's decisions dismissing all three cases were filed on the same day.

4

answer is whether plaintiff is likely to continue to abuse the judicial process and harass the parties in question. *Id.*

## II.     Leave to Amend

The Second Circuit determined that insofar as she relies upon events occurring *after the filing of the Malcolm I and Malcolm II complaints*, plaintiff might potentially assert facts sufficient to state or cure the following claims: (1) Title VII, ADEA and NYSHRL claims against the District and ASAR, including retaliatory termination claims against the District; and (2) Section 1983 and NYSHRL equal protection claims against all defendants. *See Curry-Malcolm v. Rochester City School District et al.*, 2020 U.S. App. LEXIS 35730 at *5 fn.5 (2d Cir. 2020)(affirming in part and remanding in part *Malcolm I*); *Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester*, 2020 U.S. App. LEXIS 32404 (2d Cir. 2020)(affirming and remanding *Malcolm III*).

The Court accordingly grants plaintiff leave to file an Amended Complaint with respect to these matters, against any appropriate defendants, in the manner and to the extent set forth below.

## CONCLUSION

For the reasons set forth above, the Court's imposition of leave-to-file sanctions in *Malcolm I* is reversed for reconsideration. Plaintiff is directed to file, within thirty (30) days of entry of this Decision and Order, an affidavit demonstrating why the Court should not reissue leave-to-file sanctions requiring plaintiff to obtain leave of Court before initiating future litigation against the Rochester City School District and related entities. Within fifteen (15) days of plaintiff's filing, defendants may file a response as to why they believe the sanction is appropriate.

5

Plaintiff is also granted leave to file, within thirty (30) days of entry of this Decision and Order, a single Amended Complaint which consolidates her claims in the above-referenced actions for which leave to amend has been granted, as set forth above in Section II.

Should plaintiff opt to file an Amended Complaint, she shall not attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit. While plaintiff may opt to retain or amend certain factual allegations related to those claims for background purposes, they shall not be deemed to state (or to re-state) any causes of action inconsistent with the Second Circuit's affirmances in *Malcolm I*, *Malcolm II* and/or *Malcolm III*. Plaintiff is further granted leave to assert new and previously-unadjudicated claims (if any) against the defendants or related parties, for which right-to-sue letters were issued subsequent to the commencement of *Malcolm IV*.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 30, 2020.

6