UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE MALCOLM,

                              Plaintiff,

                                                                                           DECISION AND ORDER

                                                                                         17-CV-6878L

                   v.

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER (ASAR),
TIMOTHY CLIBY, President and Individually,
JOHN ROWE, Vice President and Individually,
ROCHESTER CITY SCHOOL DISTRICT, and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually,

                              Defendants.
_____

BERNICE CURRY-MALCOLM,

                              Plaintiff,

                                                                                        18-CV-6450L

                   v.

ROCHESTER CITY SCHOOL DISTRICT and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually and Collectively,

                              Defendants.
_____

       Plaintiff Bernice Curry-Malcolm ("plaintiff") was employed by the Rochester City School District (the "District"), beginning in 2015 and continuing through the end of the 2016-17 school year. She has previously brought several lawsuits against various District entities and employees,

as well as against the Association of Supervisors and Administrators of Rochester ("ASAR") and its employees, arising out of that employment. Her claims include race-based and age-based discrimination and retaliation in violation of state and federal anti-discrimination statutes, as well as miscellaneous labor-related claims and claims sounding in contract. All of these matters were initially dismissed by this Court, and the Court presumes the reader's familiarity therewith. *See Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester (ASAR)* ("*Malcolm I*"), 17-CV-6878 (dismissed, Dkt. #28); *Malcolm v. Rochester City Sch. Dist. et al.* ("*Malcolm II*"), 17-CV-6873 (dismissed, Dkt. #14); *Curry-Malcolm v. Rochester City Sch. Dist. et al.*, ("*Malcolm III*"), 18-CV-6450 (dismissed at 389 F.Supp.3d 189 (W.D.N.Y. 2019)); *In re Curry-Malcolm* ("*Malcolm IV*"), 20-CV-6537 (dismissed at 2020 U.S. Dist. LEXIS 131548 (W.D.N.Y. 2020)).

Plaintiff appealed this Court's decisions in *Malcolm I*, *II*, *III*, and *IV*. On October 14, 2020 and November 12, 2020, the Second Circuit Court of Appeals affirmed this Court's dismissals of *Malcolm I*, *II* and *III*, but reversed the Court's imposition of sanctions in *Malcolm I* in order to permit plaintiff an opportunity to be heard on the issue, and remanded *Malcolm I* and *III* solely for consideration of whether plaintiff should be granted leave to amend certain of her dismissed claims. The plaintiff's appeal in *Malcolm IV* remains pending.

The Court consolidated *Malcolm I* and *Malcolm III* for purposes of determining the issues on remand. On December 30, 2020, the Court issued a Decision and Order which: (1) granted plaintiff an opportunity to show cause why leave-to-file sanctions should not be imposed; and (2) granted plaintiff leave to file an Amended Complaint with respect to certain of her previously-dismissed claims. (17-CV-6878, Dkt. #34).

In response to that Decision and Order, plaintiff has filed an Amended Complaint (Dkt. #39), and a motion asking the Court to recuse itself (Dkt. #40). For the reasons that follow, the

Amended Complaint (Dkt. #39) is hereby dismissed without prejudice, and plaintiff is granted leave to file a Second Amended Complaint to the extent set forth below. The motion seeking recusal (Dkt. #40) is denied. Further, as plaintiff has failed to respond to the Court's directive to show cause why leave-to-file sanctions should not imposed, the Court concludes that such sanctions are appropriate.

## FACTUAL BACKGROUND

Beginning in 2015, plaintiff was employed by the District as a full-time probationary Case Administrator for Special Education. Plaintiff claims that she was thereafter subjected, inter alia, to age-based and/or race-based discriminatory hostile work environment, harassment, disparate treatment and/or retaliation by the District, her union, and numerous District and union employees, culminating in the termination of her employment on or about July 1, 2017.

This Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. #34), in conformity with the Second Circuit's directives, permitted plaintiff to file an Amended Complaint which: (1) reasserted retaliatory termination claims against the District pursuant to Title VII of Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA") and the New York Human Rights Law ("NYHRL"); (2) reasserted 42 U.S.C. §1983 and equal protection claims against all defendants; and (3) asserted any additional claims for which right-to-sue letters had been issued after the commencement of *Malcolm IV* on or about July 22, 2020.

# DISCUSSION

### I.     Motion Seeking Recusal

Plaintiff has requested that the Court recuse itself (Dkt. #40), accusing the Court of "bullying" plaintiff through its previous imposition of sanctions, and through rulings and findings that were not in plaintiff's favor.

The relevant standard for evaluating a motion for recusal is set forth in 28 U.S.C. §455(a), which provides that, "[a] judge is required to recuse in any proceeding in which his impartiality might reasonably be questioned, and the test to be applied is an objective one which assumes that a reasonable person knows and understands all the relevant facts." *In re International Bus. Mach. Corp.*, 45 F.3d 641, 643 (2d Cir. 1995) (internal quotations and citations omitted). "Consideration of a motion for recusal is committed to the sound discretion of the district court, *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), and there is a substantial burden on the moving party to show that the judge is not impartial." *United States v. Lamorte*, 940 F. Supp. 572, 576 (S.D.N.Y. 1996). "A judge should not recuse himself on unsupported, irrational or highly tenuous speculation, and has as much of an obligation not to recuse himself when it is not called for as he is obliged to when it is." *Id.*, 940 F. Supp. 572 at 576-77 (internal quotations and citations omitted). *See also Zavalidroga v. Cote*, 395 Fed. Appx. 737, 2010 U.S. App. LEXIS 20591 at 3-*4 (2d Cir. 2010) ("we have a duty to . . . the Court at large, and the public not to casually recuse ourselves when a party makes general and unsupported allegations about our impartiality").

Here, plaintiff's claims that the Court is prejudiced against her are wholly speculative. Plaintiff alleges no facts that would call the Court's impartiality into question. Rather, plaintiff complains that the Court has issued rulings that were not in her favor, attacks the Court's integrity

4

without basis, and generally accuses the Court of misconstruing plaintiff's actions and motives. None of these is a proper basis for recusal. Plaintiff's recusal motion (Dkt. #40) is therefore denied.

## II. Leave-To-File Sanction

Plaintiff's pursuit of multiple, repetitive lawsuits is a tactic already familiar to this Court, which has previously imposed narrowly-tailored leave-to-file sanctions against plaintiff relative to another of plaintiff's former employers, the Honeoye Falls-Lima Central School District. *See Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Central Sch. Dist.*, 737 F. Supp. 2d 117 (W.D.N.Y. 2010), *aff'd*, 506 Fed. App'x 65 (2d Cir. 2012).

Plaintiff has now filed four largely duplicative lawsuits against defendants arising out of her employment with the Rochester City School District. The Second Circuit, in reversing this Court's initial imposition of leave-to-file sanctions in *Malcolm I*, reasoned that although plaintiff had a concerning "history of duplicative and harassing litigation," *Malcolm I* had been the first of the instant lawsuits against this particular defendant group, and as such, plaintiff "was entitled to an opportunity to be heard before a sanction was imposed." *Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester*, 2020 U.S. App. LEXIS 32404 at *8 (citing *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998)).[1] *See also Viola v. United States*, 481 Fed. App'x. 30, 31 (2d Cir. 2012)(unpublished opinion).

The Court accordingly vacated the imposition of sanctions, and directed plaintiff to file, within thirty days of that Decision and Order, "an affidavit demonstrating why the Court should not reissue leave-to-file sanctions" in light of the relevant factors, including but not limited to the plaintiff's history of litigation, whether the plaintiff had a good faith expectation of prevailing,

---

[1] While *Malcolm I* was one of the first two actions commenced by plaintiff against the present defendant group, at the time this Court issued its July 11, 2019 Decision and Order imposing sanctions (*Malcolm I*, 17-CV-6878 at Dkt. #28), it had before it a total of three lawsuits filed by plaintiff against the defendants arising out of her employment with the District.

whether plaintiff was represented by counsel, whether plaintiff had caused needless expense or posed an unnecessary burden on the courts, and whether lesser sanctions would be appropriate. (17-CV-6878, Dkt. #34 at 4-5).

Plaintiff subsequently requested two extensions of time to respond to the December 30, 2020 Decision and Order (Dkt. #35, #37), both of which were granted (Dkt. #36, #38). The deadline for plaintiff's response has now passed, and plaintiff has failed to request an additional extension of time, to file an affidavit as directed, or otherwise to express any opposition or reaction to the potential reinstatement of leave-to-file sanctions.

Plaintiff has been notified, explicitly and repeatedly, that the pursuit of frivolous and duplicative litigation can and will result in leave-to-file sanctions. Plaintiff was granted an opportunity to be heard concerning whether they should be imposed relative to the instant defendants, and the Court, in its December 30, 2020 Decision and Order, listed the factors it was required to consider, so that plaintiff might tailor her response to be of maximum helpfulness to the Court and to her own interests. Despite multiple extensions of time, she has failed to do so, and has ignored the portion of the Court's order of December 30, 2020 relating to sanctions.

The Court, then, must assess whether leave-to-file sanctions are still appropriate. I conclude, for the reasons set forth in *Malcolm I*, and in light of plaintiff's continued attempts to pursue frivolous, already-dismissed claims by restating them in the instant action in violation of this Court's instructions, leave-to-file sanctions are merited here.

"A district court, may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir.1996) (citation and quotation marks omitted). A demonstrated history of frivolous and vexatious litigation is required in order for a court to prevent a litigant from filing pleadings, motions or appeals. *See Richardson*

*Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987). Pre-filing injunctions are a permissible exercise of the court's discretion to deter abusive litigation, once a pattern of such litigation has emerged. *See In re Hartford Textile Corp.*, 681 F.2d 895, 897-98 (2d Cir. 1982).

Plaintiff is presently engaged in a pattern of frivolous and repetitive litigation arising out of her employment with the District and her dealings with ASAR relative to that employment. Despite multiple warnings and the dismissal-with-prejudice of a number of claims, plaintiff continues to attempt to prosecute the same causes of action against the same defendants. In so doing, plaintiff has abused the time and resources of the Court, defendants and their counsel, and multiple administrative agencies. Plaintiff was afforded the opportunity to be heard and show cause why sanctions should not be imposed, but has declined to offer any objection, or any explanation for her course of conduct.

Plaintiff is therefore permanently enjoined from commencing any further pro se actions in federal court, without prior leave of court, against: (1) the District and/or any District agents or employees, which arises out of her employment with the District; or (2) the ASAR, or any ASAR representatives or members, which arises out of her employment with the District.

Leave of court shall be obtained by filing with the proposed complaint a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File." Plaintiff must attach to that motion, as Exhibit 1, a true and correct copy of this Decision and Order. As Exhibit 2 to that motion, plaintiff must attach either a declaration prepared pursuant to 28 U.S.C. §1746 or a sworn affidavit certifying that the claims she wishes to present are meritorious and made in good faith. As Exhibit 3 to that motion, plaintiff must include a list of every suit previously filed by her or on her behalf in any federal court against each and every defendant to the suit she wishes to file, including the title and index number of each such case. As Exhibit 4 et seq. to that motion, plaintiff must provide

a copy of each such complaint and a statement describing the matter's disposition. Finally, plaintiff must serve a copy of this Decision and Order upon each defendant if and when leave to serve the complaint in the new case is granted.

Failure to comply with the terms of this Decision and Order may be sufficient grounds for a court to deny any motion for leave to file made by plaintiff. Further, plaintiff's failure to advise a federal court in which she has filed a complaint of this Decision and Order and/or her failure to otherwise comply with this Decision and Order may be considered by such court as good and sufficient cause to dismiss such a lawsuit, and further may be considered sufficient grounds upon which to levy additional sanctions, including but not limited to fines, imprisonment, and/or an award to defendants in the amount of their reasonable costs and attorneys' fees in defending the action.

However, nothing in this Decision and Order shall be construed as having any effect on plaintiff's ability to initiate or continue actions in state court and/or appeals before the United States Courts of Appeals, or her power to prosecute or defend any other action or appeal that is presently pending, brought by her in any federal court prior to the date of entry of this Decision and Order.

### III.   Plaintiff's Amended Complaint

The Second Circuit found that although plaintiff had not asserted sufficient facts to state several of her claims, she might potentially be able to cure their deficiencies if she were granted leave to do so. Those claims consisted of: (1) Title VII, ADEA and NYSHRL claims against the District and ASAR, including retaliatory termination claims against the District; and (2) Section 1983 and NYSHRL equal protection claims against all defendants. *See Curry-Malcolm v. Rochester City School District et al.*, 2020 U.S. App. LEXIS 35730 at *5 n.5 (2d Cir.

2020)(affirming in part and remanding in part *Malcolm I*); *Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester*, 2020 U.S. App. LEXIS 32404 (2d Cir. 2020)(affirming and remanding *Malcolm III*).

In its decision applying the Second Circuit's holdings, this Court also extended plaintiff leave to assert any new and previously-unadjudicated claims against the defendants or related parties for which right-to-sue letters had been issued subsequent to the commencement of *Malcolm IV*. However, the Court specifically warned plaintiff that the Amended Complaint should "*not* attempt to reassert any of the claims for which dismissal with prejudice was affirmed by the Second Circuit." (17-CV-6878, Dkt. #34 at 6)(emphasis added).

In response, plaintiff has now filed an Amended Complaint that is 132 pages and 592 paragraphs in length, along with exhibits comprised of an additional 234 pages. The Amended Complaint purports to assert fifteen causes of action, a number of which (e.g., labor-related claims against ASAR defendants) improperly seek to resurrect claims which were dismissed with prejudice and for which dismissal was affirmed, and others of which (e.g., conspiracy, denial of due process) appear to be thinly-veiled attempts to recast already-dismissed claims, or to assert new claims that are either untimely or unexhausted.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). The statement must be concise, "because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal quotation marks omitted).

Dismissal of a complaint for failure to comply with Rule 8 is generally reserved for those cases in which the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id*. This standard should be applied with special lenience to pro se pleadings. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

Plaintiff's Amended Complaint, construed liberally and granting plaintiff every favorable inference, simply does not satisfy Rule 8's requirement of a "short and plain statement." The Amended Complaint consists of several hundred paragraphs which meander back and forth in anachronic, stream-of-consciousness fashion over events and conversations alleged to have taken place over a period of several years. As such, it is not "sufficient to give the defendants fair notice of what the plaintiff's claim[s are] and the grounds upon which [they] rest[]," *Jones v. Nat'l Communications and Surveillance Networks*, 226 Fed. App'x 31, 32 (2d Cir. 2008), and sifting through it to glean the relevant facts places an "unjustified burden" on the Court and counsel. *Salahuddin*, 861 F.2d 40 at 42.

The Amended Complaint vacillates between providing voluminous extraneous details of little apparent relevance to plaintiff's claims, and engaging in sweeping legal conclusions that do not identify which parties, incidents and policies are being discussed, or suggest a cogent timeline of the salient events. To paraphrase Shakespeare, it presents a prosaic blunderbuss "full of sound and fury," but so encumbered with repetition, confusing timeline jumps, tangential factual minutia and legal argument that it "signif[ies] nothing" to a sympathetic reader.

The Court also observes that by virtue of its attempt to resurrect already-dismissed claims for which the Second Circuit affirmed dismissal, plaintiff's Amended Complaint does not comply with this Court's December 30, 2020 Decision and Order. Fed. R. Civ. Proc. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the

noncompliance as a failure to prosecute," although leniency is still required in analyzing a pro se party's submissions. *Simmons*, 49 F.3d 83 at 87. *See also Shabtai v. Levande*, 38 Fed. App'x 684 (2d Cir. 2002)(affirming dismissal of pro se plaintiff's complaint for failure to comply with Fed. R. Civ. Proc. 8, and with a court order).

In sum, plaintiff's Amended Complaint does not comply with the requirements of Rule 8, or with this Court's prior order specifying the claims that plaintiff could – and could not – properly assert in her amended pleading.

However, in deference to plaintiff's pro se status, in light of the *sua sponte* nature of the Court's consideration of Rule 8 factors, and in the overarching interests of justice, plaintiff will be granted leave to amend her complaint a second time, as set forth below.

**CONCLUSION**

For the reasons set forth above, plaintiff's motion seeking recusal (17-CV-6878, Dkt. #40) is denied.

Further, the Court finds that the leave-to-file sanctions imposed in *Malcolm I* should be reinstated, in the manner and to the extent set forth above.

The Amended Complaint (17-CV-6878, Dkt. #39; 18-CV-6450, Dkt. #22) is dismissed in its entirety, without prejudice. Plaintiff is granted leave to file, within twenty (20) days of entry of this Decision and Order and without the need to seek further leave of Court, a Second Amended Complaint in this consolidated action, which sets forth the relevant facts and claims in a clear and concise manner, in conformity with Fed. R. Civ. Proc. 8.

Plaintiff is once again warned that she may *not* attempt to reassert – and should not include in her Second Amended Complaint – any of the causes of action for which dismissal with prejudice

was affirmed by the Second Circuit, nor may she raise any new claims that have been found untimely, or for which administrative remedies have not been exhausted. Such actions would be in violation of this Court's December 30, 2020 Decision and Order (17-CV-6878, Dkt. #34; 18-CV-6450, Dkt. #18). Plaintiff is warned that if the Second Amended Complaint fails to comply with Fed. R. Civ. Proc. 8, and/or with the prior orders of this Court, it shall be subject to dismissal, with prejudice.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 6, 2021.