UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BERNICE MALCOLM,

                                        Plaintiff,

                    v.

ASSOCIATION OF SUPERVISORS AND
ADMINISTRATORS OF ROCHESTER (ASAR),
TIMOTHY CLIBY, President and Individually,
JOHN ROWE, Vice President and Individually,
ROCHESTER CITY SCHOOL DISTRICT, and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually,

                                        Defendants.

_____

BERNICE CURRY-MALCOLM,

                                        Plaintiff,

                    v.

ROCHESTER CITY SCHOOL DISTRICT and
BARBARA DEANE-WILLIAMS, Superintendent
of Schools, Individually and Collectively,

                                        Defendants.

_____

<u>DECISION AND ORDER</u>

17-CV-6878DGL

18-CV-6450DGL

        Plaintiff Bernice Curry-Malcolm ("plaintiff"), a former employee of the Rochester City

School District ("District"), brings these actions against a number of entities and employees of the

District and an the Association of Supervisors and Administrators of Rochester ("ASAR").

Plaintiff alleges, inter alia, age-based and race-based discrimination and relation in violation of Title VII, 42 U.S.C. §2000 et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"), and the New York Human Rights Law, N.Y. Exec. Law §290 et seq. ("NYHRL").

## FACTUAL AND PROCEDURAL HISTORY

Familiarity with the lengthy history of these matters, summarized in relevant part below, is presumed.

On April 6, 2021, this Court entered a Decision and Order which, among other things, reinstated previously-imposed leave-to-file sanctions against plaintiff after giving her an opportunity to be heard, and granted her leave to file a Second Amended Complaint. (Dkt. #41). Six months later, on October 19, 2021, this Court granted a motion by defendants to dismiss plaintiff's Second Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. Proc. 12(b)(6). (Dkt. #59).

Plaintiff appealed both Decisions and Orders, and on May 30, 2023, the Court of Appeals for the Second Circuit reversed both decisions in part. Specifically, it: (1) reversed and remanded the Court's imposition of leave-to-file sanctions for further consideration; (2) reversed and remanded the Court's dismissal of plaintiff's Title VII and ADEA retaliation claims against the District for further consideration; and (3) affirmed the Court's dismissal of the remainder of plaintiff's Second Amended Complaint, including all of plaintiff's claims under the NYHRL, plaintiff's equal protection claims, plaintiff's disparate treatment and hostile work environment claims, plaintiff's Title VII and ADEA claims against individual defendants, plaintiff's breach of contract claims, and all of plaintiff's claims against ASAR. *See Curry-Malcolm v. Rochester City Sch. Dist.*, 2023 U.S. App. LEXIS 13239 (2d Cir. 2023).

For the reasons that follow, the Court declines to re-impose leave-to-file sanctions at this time, dismisses plaintiff's retaliation claims against the District arising prior to plaintiff's recall employment in November 2017, and directs the District to respond to plaintiff's remaining claims.

## DISCUSSION

### I.   Leave-to-File Sanction

In Decisions and Orders entered July 11, 2019 (17-CV-6878, Dkt. #28), December 30, 2020 (17-CV-6878, Dkt. #34), and April 6, 2021 (17-CV-6878, Dkt.# 41), the Court summarized plaintiff's pursuit of four separate and largely duplicative federal lawsuits against the District, ASAR, and several individual defendants, all arising out of plaintiff's employment with the District. The Court considered the relevant factors, including plaintiff's history of duplicative litigation, the lack of a good faith expectation that plaintiff would prevail on her claims, plaintiff's *pro se* status and inability to obtain counsel, the needless expense and undue burden placed upon the courts by plaintiff's pursuit of duplicative lawsuits and non-compliance with Court orders, and the availability and fitness of lesser sanctions, and determined that the imposition of limited leave-to-file sanctions was necessary and appropriate.

In its May 30, 2023 decision, the Second Circuit stated that it "share[d] the district court's concern with [plaintiff's] history of duplicative and harassing litigation," *Malcolm v. Ass'n of Supervisors & Adm'rs of Rochester et al.*, 831 Fed. App'x 1 at 6 (2d Cir. 2020), but nonetheless remanded the issue of leave-to-file sanctions for reconsideration. Specifically, the Court of Appeals recognized that plaintiff had not responded to the Court's directives asking her to state her position on the matter, but believed that the Court might have overlooked arguments made by plaintiff in a separate recusal motion which were potentially relevant to the imposition of leave-to-file sanctions.

In her filings in support of the recusal motion, plaintiff had: (1) denied that her four lawsuits against the District and ASAR defendants in federal court were frivolous or vexatious; (2) stated that she filed several duplicative lawsuits in federal and state court because she thought this was necessary to address a continuing violation; and (3) disputed the Court's characterization of her conduct toward the Court and its staff as abusive and disrespectful. (Dkt. #40). In a 261-paragraph supplemental filing on July 13, 2023 (Dkt. #45), requested by the Court for the purpose of allowing plaintiff to be heard on the matter a second time, plaintiff repeated these arguments, and averred in a sworn affidavit that she has no intention of filing any other and further lawsuits against the District or ASAR defendants. (Dkt. #45 at ¶248).

Plaintiff's employment with the District having ended on or about April 2018, the Court concludes that plaintiff's prolonged course of repetitive litigation arising out of that relationship must be, as plaintiff promises, necessarily drawing toward its natural conclusion. Given that leave-to-file sanctions no longer appear to be necessary, the Court declines to reimpose them at this time. Should plaintiff file new lawsuits against the District or ASAR defendants in the future which are duplicative, frivolous and/or vexatious, the Court may consider anew whether the imposition of sanctions, including but not limited to leave-to-file sanctions, is appropriate.

## II.     Plaintiff's Title VII and ADEA Retaliation Claims Against the District

Per the Second Circuit's remand, the Court must consider whether a New York State appellate court's unanimous confirmation of a NYSDHR decision, disposing of plaintiff's underlying NYHRL retaliation claims, operates as a bar to some or all of plaintiff's retaliation claims under Title VII and the ADEA.

A.      **Plaintiff's Claims and Proceedings Before the NYSDHR**

Plaintiff's discrimination claims in the two NYSDHR actions relevant to this action (NYSDHR Case No. 10186902 and No. 10187117) were fully adjudicated at the agency level. This included investigation and consideration of plaintiff's allegations that the District had retaliated against her, in violation of the NYHRL, for one or more earlier administrative complaints of race-based, gender-based, and/or age-based discrimination.

After the NYSDHR found probable cause in the two cases, the matter proceeded to a public hearing on November 14-15, 2018, before NYSDHR Administrative Law Judge ("ALJ") Michael T. Groben. Plaintiff appeared and testified at the hearing *pro se*, while the District appeared and was represented by counsel.

Facts and events presented to, and summarized by, the ALJ, included: (1) plaintiff's tenure as a Coordinating Administrator of Special Education ("CASE") for the district from 2015 through 2017; (2) plaintiff's 2015-16 performance review in which her performance was rated as "developing"; (3) plaintiff's work assignments and duties for the 2016-17 school year; (4) the District's decision to lay off CASEs prior to the commencement of the 2017-18 school year, which the District alleged was in response to a budget shortfall; (5) plaintiff's resultant layoff as of July 1, 2017; (6) the District's recall of plaintiff and other CASEs to their positions, effective November 20, 2017; (7) the final termination of employment for plaintiff and other CASEs by the District, by Board of Education resolution dated March 20, 2018; and (8) other claims by plaintiff, related to an allegedly discriminatory failure-to-promote, and the District's alleged dismissal of internal discrimination complaints without a full investigation. (2d Cir. Docket, 21-2683, Dkt. #84 at A-207 – A-221).

The ALJ discussed the documentary evidence and testimony presented, made findings of fact, and assessed the credibility of witnesses. The ALJ stated that he found plaintiff "not a credible witness," due to her evasive and contradictory testimony, and apparent inability to support her claims of discrimination with reference to specific facts or events. *Id*. at A-221 – A-222.

The ALJ proceeded to find, *inter alia*, that: (1) plaintiff had not demonstrated that the 2015-16 performance review was an adverse employment action, for purposes of a prima facie discrimination claim; (2) plaintiff had failed to demonstrate that the dismissal of her internal complaints was discriminatory, or constituted an adverse employment action, and/or to rebut evidence that the complaints were dismissed for the legitimate, non-discriminatory reasons (i.e., one complaint failed to present facts supporting a discrimination claim, and plaintiff had refused to cooperate with the District's attempt to investigate the other); (3) plaintiff had failed to rebut the District's legitimate, non-discriminatory reasons for not promoting plaintiff higher than her CASE position; (4) plaintiff had failed to present credible evidence to establish a prima facie case of hostile work environment; (5) plaintiff had not rebutted the District's legitimate, non-discriminatory reasons for promoting a colleague over plaintiff to a temporary vacancy during the 2016-17 school year; and (6) plaintiff had not rebutted the District's legitimate, non-discriminatory reasons for the July 2017 layoff.

The ALJ recommended and ordered the dismissal of plaintiff's NYHRL discrimination and retaliation claims against the District in their entirety. *Id*. at A-207 – A-227. On October 3, 2019, the NYSDHR Commissioner adopted the ALJ's recommended findings as the final order of the NYSDHR.

Plaintiff commenced an Article 78 proceeding challenging the NYSDHR's determination in the Supreme Court for the State of New York, Monroe County, which referred the matter to the

New York State Appellate Division, Fourth Department. The Appellate Division "unanimously confirmed" the NYSDHR's determination, and dismissed the petition. *See Curry-Malcolm v. New York State Div. of Human Rights*, 199 A.D.3d 1394 (N.Y. App. Div. 4th Dep't 2021).

Plaintiff sought leave to appeal from the Fourth Department, which was denied, and filed an appeal with the New York State Court of Appeals, which was dismissed. Finally, she petitioned for certiorari to the United States Supreme Court, which was denied. *See id.*, *leave to app. den.*, 203 A.D.3d 1645 (N.Y. App. Div. 4th Dep't 2022), *app. dismissed*, 38 N.Y.3d 1050 (N.Y. Ct. App. 2022), *cert. den.*, 143 S. Ct. 733 (2023).

**B.    Plaintiff's Instant Retaliation Claims**

Plaintiff's Title VII and ADEA retaliation claims, revived and remanded by the Second Circuit to this Court for consideration of whether they are collaterally estopped, allege that the following events were retaliatory adverse employment actions: (1) the 2015-2016 performance evaluation describing plaintiff's performance as "developing" (Second Amended Complaint, 17-CV-6878, Dkt. #43 at ¶256); (2) paperwork errors or changes (misspelled name, Social Security number listed in wrong place, incorrect job title and/or rehire status) that appeared on plaintiff's personnel documents in or around February 2017 (17-CV-6878, Dkt. #43 at ¶273-74); (3) plaintiff's February 2017 transfer to another school building, with an alleged reduction in supervisory responsibilities which plaintiff characterizes as a demotion (17-CV-6878, Dkt. #43 at ¶276); (4) the District's alleged creation and maintenance of a hostile work environment throughout plaintiff's employment as a CASE (17-CV-6878,Dkt. #43 at ¶¶272, 277); (5) the July 2017 CASE layoff (17-CV-6878, Dkt. #43 at ¶280); (6) the District's alleged provision of incorrect information to the teachers' retirement system (e.g., that plaintiff had been placed on paid

administrative leave on or around December 8, 2017 and had not returned to work thereafter); and (7) plaintiff's final termination in April 2018. (17-CV-6878, Dkt. #43 at ¶¶478, 482-85).

###    C.    Relevant Legal Standards

The doctrine of *res judicata*, or claim preclusion, applies where: (1) a prior action involved plaintiff or someone in privity with plaintiff; (2) the prior action resulted in an adjudication on the merits; and (3) the claims asserted in the later action could have been raised in the prior one. *Monahan v. N.Y. City Dep's of Corr.*, 214 F.3d 275, 285(2d Cir. 2000).

"Under New York's transactional approach to *res judicata*, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or seeking a different remedy." *Baird*, 2013 U.S. Dist. LEXIS 153847 at *11 (quoting *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008)). *See also Berlitz Schs. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980)("whatever legal theory is advanced, when the factual predicate[s] upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*").

This extends to federal discrimination claims which "emerge[d] from the same set of events and allegations" as a previous NYSDHR proceeding and appeal. *Rochester v. Fortune Soc'y*, 2018 U.S. Dist. LEXIS 152239 at *16 (S.D.N.Y. 2018)(federal complaint based on the same factual underpinnings as a prior NYSDHR complaint is barred by *res judicata*); *Baird*, 2013 U.S. Dist. LEXIS 153847 at *12 (E.D.N.Y. 2013)("[a] NYSDHR complaint need not invoke Title VII for the state court proceeding to preclude a subsequent Title VII suit" where the two unquestionably involve the same nucleus of operative fact). Accordingly, "[f]ederal courts within this Circuit have applied the doctrine of *res judicata* to preclude employment discrimination claims arising out of

8

the same set of facts that were previously alleged in support of unsuccessful claims before the NYSDHR and the New York State Supreme Court." *Barnes v. New York State Division of Human Rights*, 2016 U.S. Dist. LEXIS 2396 at *19 (S.D.N.Y. 2016). *See also Yong Chul Son v. Chu Cha Lee*, 559 Fed. App'x 81 (2d Cir. 2014)(federal discrimination claims based on events and claims already determined by the NYSDHR, in a decision affirmed by New York state courts, are barred by *res judicata*); *Kirkland v. Peekskill*, 828 F.2d 104 (2d Cir. 1987)(federal discrimination complaint based on claims decided by the NYSDHR, and for which an appeal to the state courts was dismissed, is barred by *res judicata*).

The closely related doctrine of collateral estoppel, or issue preclusion, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). It applies when: (1) the identical issue was raised in a previous proceeding; (2) the issue was litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) resolution of the issue was necessary to support a valid and final judgment on the merits. *See Austin v. Downs, Rachlin & Martin*, 270 Fed. App'x 52, 53-54 (2d Cir. 2008).

Thus, in New York, an Appellate Division's affirmance of a NYSDHR determination in an employment discrimination case will collaterally estop the claimant from pursuing the same claims in federal court, because "the procedure employed by the NYSDHR for investigating complaints, in conjunction with the opportunity for judicial review, ha[s] provided the plaintiff with a full and fair opportunity to litigate the employment discrimination issue." *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 479-85 (1982). *See also Sank v. City Univ. of New York*, 2011 U.S. Dist. LEXIS 125016 at *12 ("[h]aving chosen to pursue her claims…before the NYSDHR and to then seek judicial review of that administrative determination in New York state

court, collateral estoppel now precludes [plaintiff] from pursuing Title VII, ADEA, ADA, NYSHRL, NYCHRL or any other discrimination or retaliation claims in federal court based upon the very same facts and circumstances").

### D.   Retaliation Claims Arising From or Before the July 2017 CASE Layoff

Initially, there is no dispute that the NYSDHR proceedings, plaintiff's Article 78 action in New York state court, and her appeal therefrom, involved plaintiff and the District, and resulted in an adjudication of plaintiff's discrimination and retaliation claims against the District, on the merits. *See Dukes v. Cold Spring Harbor Cent. Bd. of Educ.*, 2021 U.S. Dist. LEXIS 17359 at *18 (E.D.N.Y. 2021)(it is well-settled that a state court's dismissal of an Article 78 proceeding constitutes a final adjudication on the merits, for purposes of *res judicata*). The factual issues presented, the character of the legal claims raised, and the legal standards applied by the NYSDHR, were functionally identical to those presented here (except, as identified *infra*, claims that post-dated the NYSDHR complaints), and the resolution of those issues was necessary to support a final decision on the merits. *See Johnson v. Westin NY at Times Sq.*, 2016 U.S. Dist. LEXIS 107960 at *13 (S.D.N.Y. 2016)("[c]laims brought under the NYSHRL are analytically identical to claims brought under Title VII")(citing *Ferraro v. Kellwood Co.*, 440 F.3d 96, 99 (2d Cir. 2006)).[1]

---

[1] The Court notes that *res judicata* does not generally bar claims for categories of relief (e.g., money damages) that were unavailable in the prior proceeding. *See Sheffield v. Sheriff of the Rockland County Sheriff Dep't*, 2010 U.S. App. LEXIS 19683 at *6-*7 (2d Cir. 2010); *Davie v. N.Y. City Transit Auth.*, 2003 U.S. Dist. LEXIS 5915 at *6-*7 (E.D.N.Y. 2003). Whether plaintiff's Article 78 action could be deemed a "hybrid" lawsuit, with the ability to obtain more extensive relief than a typical Article 78 case, cannot be determined on the present record. However, assuming *arguendo* that the plaintiff's Title VII and ADEA retaliation claims seek categories of relief that were unavailable to her below, such that they would not be barred by *res judicata*, those claims are nonetheless barred by collateral estoppel, as discussed *infra*. *See Miller v. City of New York*, 2019 U.S. Dist. LEXIS 82058 at *6 (E.D.N.Y. 2019)(where federal claims seek relief that was unavailable in Article 78 proceeding below, they are not barred by *res judicata*, but because the issues relevant to determining the merits of the federal claims were decided in the prior litigation, those claims are nonetheless barred by collateral estoppel).

It is manifest that with respect to the District's conduct prior to and including the 2017 CASE layoff, the NYSDHR investigation and determination embraced the same sequence of events, during the same 2-year period of employment, and considered all of the same facts and evidence, upon which plaintiffs' instant federal retaliation claims rest. All of plaintiff's current claims relating to her employment as a CASE from 2015-17 were raised, or could have been raised, in the prior proceedings. Indeed, the majority of the discrete events now alleged to have been retaliatory adverse employment actions (e.g., 2015-16 performance review, 2016-17 changes in work assignment, 2017 CASE layoff), are the same as those considered by the NYSDHR at length. The ALJ's decision disposing of plaintiff's NYSHRL claims necessarily required resolution of all of the same issues presented here (e.g., whether plaintiff engaged in any protected activity that was causally connected to adverse employment action(s), whether the events alleged to be adverse employment actions rose to that level, whether the District provided legitimate, non-discriminatory reasons for its actions, and whether plaintiff rebutted the District's explanations).

Plaintiff does not dispute that her present claims in this lawsuit are part of the same constellation of facts that formed the basis for her NYSDHR complaints, and does not dispute that the factual and legal issues presented here were addressed in the NYSDHR proceeding. That concession is, of course, consistent with the factual record in this case.

As such, to the extent that plaintiff's discrimination and retaliation claims relating to her employment up to and including the July 2017 CASE layoff were raised, investigated, and adjudicated by the NYSDHR – in a decision which applied the same standards relevant to her federal claims, was unanimously affirmed by the courts of New York, and for which certiorari was denied by the United States Supreme Court (all of these proceedings comprising a "full and fair

opportunity" for plaintiff to litigate her claims) – they are barred by *res judicata* and/or collateral estoppel.

Plaintiff contends that, in spite of the NYSDHR and state court rulings, she should not be barred from litigating the same claims in this Court. Her arguments are notable for their length but none have any merit. Plaintiff clearly disagrees with the outcome of the NYSDHR's very thorough proceeding and challenges the constitutional sufficiency of its process, one that is well recognized in New York and in the Second Circuit.

Plaintiff claims that: (1) the transfer of her NYSDHR appeal from Monroe County Supreme Court to the Appellate Division, Fourth Department was improper; (2) the Appellate Division failed to consider plaintiff's arguments that the transfer was improper, or address her objections to untimely filings by the NYSDHR and the District in state court; (3) the Appellate Division ruled on plaintiff's appeal without having reviewed the administrative record, which plaintiff claims was not properly filed; (4) the proceedings before the NYSDHR deprived plaintiff of due process and did not constitute a full and fair opportunity to be heard; and (5) the ASAR defendants were not parties to the underlying NYSDHR complaints and hearings, and therefore plaintiff's retaliation claims against ASAR are not barred.

Plaintiff's assertion that the case should not have been transferred to the Appellate Division, Fourth Department flies in the face of the mandatory requirement set forth in NY CPLR §7804(g), pursuant to which the matter was properly and necessarily transferred.

Plaintiff also claims that the NYSDHR procedure was insufficient to provide a full and fair hearing. That is clearly rebutted by the actual record of the proceedings, as well as by the substantial body of authority holding that NYSDHR proceedings are sufficient to satisfy due process, and provide a full and fair opportunity for claimants to prosecute their claims. *See*

*generally Kremer*, 456 U.S. 461 at 480-82 (NYSDHR procedures do not offend due process); *Kirkland*, 828 F.2d 104 at 108-09 (same); *Vargas v. City of New York*, 2007 U.S. Dist. LEXIS 96308 at *18-*19 (S.D.N.Y. 2007)(same). Plaintiff had every opportunity to present her case to the ALJ who ruled against her, finding in part that plaintiff was not a credible witness. Plaintiff may be dissatisfied with the result, but there is simply no "appeal" to this Court. *See Rochester*, 2018 U.S. Dist. LEXIS 152239 at *18. *See also Barnes*, 2016 U.S. Dist. LEXIS 2396 at *27 (claims that NYSDHR deprived plaintiff of due process are barred by *res judicata* "because plaintiff had the opportunity [to] challenge the sufficiency of the NYSDHR's investigation and determination in both his Article 78 proceedings and his appeal to the Appellate Division").

Plaintiff also argues that the Appellate Division rendered its decision without reviewing the administrative record, and that the Appellate Division and Court of Appeals therefore erred in denying her leave to appeal, and/or dismissing her appeal. To the extent that plaintiff is engaging in an after-the-fact attempt to reverse or otherwise invalidate the underlying state-court judgments, "[t]his [s]he may not do . . . because only the Supreme Court may hear appeals from state-court judgments." *Zahl v. Kosovsky*, 2011 U.S. Dist. LEXIS 22028 at *17 (S.D.N.Y. 2011).

Finally, although plaintiff is correct that the ASAR defendants were not parties to the underlying NYSDHR and state court proceedings, and that therefore her retaliation claims against ASAR would not be precluded on *res judicata* or collateral estoppel grounds, the issue is a red herring. The Second Circuit's partial remand was limited to plaintiff's Title VII and ADEA retaliation claims against the District, arising out of plaintiff's "demotion, assignment of excessive workload, and termination, among other[ adverse employment actions]" leading up to the July 2017 layoff, and to plaintiff's "retaliation claims against the school district . . . arising after November 2017" when she was recalled. *Curry-Malcolm*, 2023 U.S. App. LEXIS 13239 at *8 n.2.

The Second Circuit did not revive any of plaintiff's claims against the ASAR defendants: those claims were dismissed in their entirety, and the dismissal of those claims was affirmed.[2]

### E.      Retaliation Claims Arising From or After the November 2017 Recall

The only retaliation claims alleged against the District that were *not* considered fully by the NYSDHR and/or reviewing state courts are those related to plaintiff's brief period of re-employment with the District, and final termination, between November 2017 and April 2018, which this Court had initially dismissed without prejudice. *See Curry-Malcolm*, 2023 U.S. App. LEXIS 13239 at *8 n.2. ("[o]ur vacatur of . . . Curry-Malcolm's retaliation claims against the [D]istrict therefore extends to her retaliation claims arising after November 2017 [when she was rehired]").

Plaintiff's underlying administrative complaints were filed and investigated by the NYSDHR between March 2017 and August 2017, before the November 2017 recall or 2018 termination even took place. Although plaintiff's 2018 termination was mentioned by the ALJ by way of background in his June 10, 2019 Recommended Findings of Fact, Decision and Order (2d Cir., 21-2683, Dkt. #84 at A-221), the ALJ did not identify it as part of a retaliation claim, or appear to have investigated or considered whether that termination, or any other events that took place during plaintiff's period of recall employment, could serve as the basis for any. Plaintiff's claims of retaliation based on her recall employment with the District between November 2017 and April 2018 are therefore not part of the same constellation of facts, issues, and claims that

---

[2] Plaintiff's Second Amended Complaint also appears to assert claims against another former employer, the Honeoye-Falls Lima Central School District. *See e.g.*, 17-CV-6878, Dkt. #43 at ¶487. That district has never been a party to this action, and plaintiff's factual allegations against it concern events that occurred between 2006 and 2008. As such, not only does this Court lack jurisdiction over those claims, but they are, in any event, subject to dismissal as insufficiently stated, time-barred, and non-compliant with prior orders of this Court. *See Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Central Sch. Dist.*, 737 F. Supp. 2d 117 (W.D.N.Y. 2010).

were investigated and determined by the NYSDHR and affirmed in state court, and are not barred by *res judicata* or collateral estoppel. Those claims may proceed.

## CONCLUSION

For the foregoing reasons, the Court declines to reimpose leave-to-file sanctions. The Court further concludes that plaintiff's Title VII and ADEA retaliation claims against the District, arising prior to her recall employment with the District in or around November 2017, are barred by *res judicata* and/or collateral estoppel. Those claims are dismissed, with prejudice.

What remains of plaintiff's Second Amended Complaint (17-CV-6878, Dkt. #43) are her Title VII and ADEA retaliation claims against the District which arose out of, or after, her recall employment between November 2017 and April 2018. The District is hereby directed to file and serve its Answer to those specific claims, or else to move to dismiss them in lieu of an Answer, within twenty (20) days of entry of this Decision and Order.

All claims against the ASAR defendants having been dismissed, and the Second Circuit having affirmed that dismissal, the Clerk is directed to close the case of *Malcolm v. ASAR et al.*, 17-CV-6878, which had originally been consolidated with *Curry-Malcolm v. Rochester City School District et al.*, 18-CV-6450, for purposes of the underlying motions and appeals.

The parties are instructed that future submissions in this matter need only be filed in the remaining case, *Curry-Malcolm v. Rochester City School District et al.*, 18-CV-6450.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 28, 2023.

15